```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BRENTON C. JOSEPH,
                                                                      NOT FOR PUBLICATION
                          Petitioner,

          -against-                                                   MEMORANDUM & ORDER
                                                                        17-CV-5008 (PKC)
U.S. ATTORNEY GENERAL, DEPARTMENT OF
HOMELAND SECURITY, and DIRECTOR OF
HUDSON COUNTY CORRECTIONAL CENTER,

                          Respondents.
----------------------------------------------------------------X
```
PAMELA K. CHEN, United States District Judge:

Petitioner Brenton C. Joseph brings this *pro se* petition pursuant to 28 U.S.C. § 2241 seeking an emergency stay of removal. Petitioner's request to proceed *in forma pauperis* is granted, but the petition is dismissed because the Court lacks jurisdiction to consider it.

**I. Background**

Petitioner states that he is being "held in indefinite detention" at the Hudson County Correction Facility in New Jersey pursuant to a detainer by United States Immigration and Customs Enforcement ("I.C.E."). (Pet. at 1-2.)[1] He states that he has a removal order from August 22, 2007 and that he was taken into immigration custody on July 19, 2017. (*Id.* at 5.) He does not say where the removal order was entered. Prior to his detention in immigration custody, he was "on I.C.E. Supervision Relief for the past 5 years from which I was detained when I last reported." (*Id.* at 8.) Petitioner did not previously appeal the removal order, file a grievance, or seek an administrative remedy. (*Id.* at 2.)

---

[1] The Court cites to the pagination generated by the CM/ECF system and not the Petition's internal pagination.

Petitioner states that he fears for his life should he be returned to Trinidad and Tobago. (*Id.* at 7-8.) He notes, "Some people and even government officials say I disgrace the reputation of the country because of who I am. Recently I was maliciously outed and disgraced on the internet by an unprofessional I.C.E. officer from the New York Federal Plaza office." (*Id.*) Petitioner attaches a page from the U.S. Department of State's Country Reports on Human Rights for Trinidad and Tobago that describes laws criminalizing consensual same-sex sexual activity in that country. (Pet. at 11.) It states: "Immigration laws also bar the entry of 'homosexuals' into the country, but the legislation was not enforced during the year." (*Id.*)

Petitioner seeks an "emergency stay of removal" while he files for asylum, withholding of removal, and the Convention Against Torture. (*Id.* at 8.) He also describes the act or decision he is challenging as "being held in indefinite detention." (*Id.* at 2.)

## II. Discussion

This Court does not have jurisdiction to consider Petitioner's claims, which may only be raised in the Court of Appeals for the judicial circuit in which his final removal order was entered. The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, Title I, 119 Stat. 231, 310-11, codified at 8 U.S.C. § 1252(a)(5), provides that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . ." 8 U.S.C. § 1252(a)(5); *see also Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 113 (2d Cir. 2008) ("The REAL ID Act amended the Immigration and Nationality Act ('INA') to provide that petitions for review filed in the appropriate Courts of Appeals were to be the 'sole and exclusive means for judicial review' of final orders of removal." (quoting Section 1252(a)(5))). Petitioner may pursue a petition for review only in the Court of Appeals for the judicial circuit in which the order of removal was entered. *See* 8 U.S.C. § 1252(b)(2). Such a petition for review

must be filed within 30 days from the date of the order of removal. 8 U.S.C. § 1252(b)(1). Since District Courts cannot review removal orders, they also cannot consider requests for stays of removal. *See Scott v. Napolitano*, 618 F. Supp. 2d 186, 191 (E.D.N.Y. 2009) (collecting cases); *Al-Garidi v. Holder*, No. 09-CV-6160L, 2009 WL 1439216, at *1 (W.D.N.Y. May 15, 2009) ("This Court and other district courts throughout the country have routinely held that because district courts have no jurisdiction to review final orders of removal, they have no jurisdiction to review requests for stays of removal.").

Because this Court cannot consider Petitioner's request for a stay, his petition must be dismissed. Furthermore, because Petitioner states that the order of removal was issued a decade ago, the Court will not transfer this case to the Court of Appeals "in the interests of justice," pursuant to 28 U.S.C. § 1631. *See De Ping Wang v. Department of Homeland Sec.*, 484 F.3d 615, 618 (2d Cir. 2007) (finding that when a petition for a writ of habeas corpus challenging a removal order under 28 U.S.C. § 2241 is improperly filed in the District Court, transfer to the Court of Appeals was impermissible under 28 U.S.C. § 1631 where the petition is untimely and thus could not have been brought in the Court of Appeals at the time it was filed in the District Court); 8 U.S.C. § 1252(b)(1) (petition to review removal decision must be filed within 30 days of date of removal order).

The Court notes that, to the extent Petitioner also claims that he is subject to "indefinite detention" while awaiting removal, he may have a constitutional claim. That claim, however, may not yet be actionable. Although the Supreme Court has recognized that "a statute permitting indefinite detention of an alien would raise a serious constitutional problem," it also has held that six months of detention, following a final order of removal, is presumptively constitutional. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Here, Petitioner has been detained since July 19,

3

2017, and is still within the period that is presumptively reasonable. However, should his detention extend beyond this period and should Petitioner believe that there is no significant likelihood of removal in the reasonably foreseeable future, he may challenge his detention in the appropriate District Court. This Court is not that court.

For *habeas corpus* petitions outside of the deportation context, the proper jurisdiction for challenging physical custody is the district of physical confinement, where the individual's immediate custodian is located. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (describing "the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement"). Although The Supreme Court's decision in *Rumsfeld v. Padilla* "left open the question" whether these rules applied to "a habeas petition filed by an alien pending deportation," 542 U.S. 426, 435, n.8 (2004), the District Courts in this Circuit have generally applied this rule. *Adikov v. Mechkowski*, No. 16-CV-3797 (JPO), 2016 WL 3926469, at *1 (S.D.N.Y. July 18, 2016) (collecting cases). Since Petitioner is detained in New Jersey, he may challenge his detention by filing a *habeas* petition in the United States District Court for the District of New Jersey and naming as the defendant his custodian at the Hudson County Correctional Facility.[2]

## CONCLUSION

As this Court has no jurisdiction to review Petitioner's claims under 28 U.S.C. § 2241, the petition is dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. §

---

[2] Given the nature of Petitioner's claims, he may want to seek advice or possible representation from the non-governmental service organization Immigration Equality. *See* www.immigrationequality.org/ (describing itself as "the nation's leading LGBTQ immigrant rights organization. We represent and advocate for people from around the world fleeing violence, abuse, and persecution because of their sexual orientation, gender identity, or HIV status.") (last visited 11/23/17).

1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

                                      */s/ Pamela K. Chen*  
                                      Pamela K. Chen  
                                      United States District Judge

Dated: Brooklyn, New York  
        December 4, 2017